UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AQUIL SUDAH,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA et al.,

    *Defendants*.

Civil Action No. 24-2528 (TJK)

**MEMORANDUM OPINION**

Aquil Sudah sues twelve defendants—the District of Columbia and several of its officials and agencies—asserting an array of violations of federal and District law. He alleges that these violations occurred in connection with various interactions he had with District employees in 2023 and 2024. Defendants move to dismiss, arguing that Sudah has failed to state a claim against the District and that he has failed to properly serve the remaining defendants. The Court agrees. And the Court declines to grant Sudah another chance to serve the remaining defendants because he has failed to show good cause for not timely doing so, and in any event, providing him more time would be futile. The amended complaint does not state a claim against the remaining defendants, and Sudah has not requested another chance to amend. Thus, the Court will dismiss the amended complaint and the case.

**I.    Background**

    **A.    Factual Background**

In his amended complaint, Sudah, proceeding pro se, alleges in scattershot fashion that over the last few years, the District of Columbia—through its agents in the Metropolitan Police Department ("MPD"), the Superior Court of the District of Columbia, the Office of the Attorney

General ("OAG"), and the Child and Family Services Agency ("CFSA")—violated his constitutional and other rights.

In particular, Sudah alleges that on May 30, 2024, police officers responded to his apartment after someone else reported a crime. ECF No. 9 at 9–10. Then, without informing him of his rights, they interrogated and arrested him. *Id.*; ECF No. 1-2 ¶ 29.[1] Following Sudah's arrest, "US Marshals presented [him] before the Honorable Judge Renee Raymond on a charge of Domestic Violence." ECF No. 9 at 7. But, Sudah alleges, his initial appearance was defective because the judge did not give him "reasonable time and opportunity to consult counsel." *Id.* (quoting D.C. Super. Ct. R. Crim. P. 5(c)). He also alleges that a few weeks later, on June 17, 2024, the Superior Court defamed him when its "system" falsely reflected that he had a prior conviction in Maryland, when instead he had been "awarded" probation before judgment in that case. *Id.* at 7–8. Similarly, Sudah alleges that in a March 30, 2024, hearing in another case—stemming from his 2023 arrest for unlawful possession of ammunition and possession of an open container of alcohol—the OAG and Attorney Farhad Fatakia violated his rights by failing to "concede" that his probation before judgment did not count as a prior conviction. *Id.* at 8; ECF No. 1-2 ¶¶ 37–38.

Not long after—on July 29, 2024—Sudah alleges that he called the police because "his live-in girlfriend" was stealing or destroying his possessions while moving out. ECF No. 9 at 11. Sudah concedes that he called the police asking for their help, but he says he later changed his mind and invoked his Fourth and Fifth Amendment rights, thereby purportedly "immunizing" himself "from being interviewed" and "from [the] police entering his home." *Id.* Still, Sudah alleges that Sergeant Isaac Fernando and his team searched his home, interrogated him and his

---

[1] The Court considers Sudah's amended complaint "'in light of' all [his] filings." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (quoting *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).

girlfriend, and ultimately arrested him for simple assault and "Felony Strangulation." *Id.* at 12.

Finally, Sudah alleges that since at least April 2023, he has been involved in a long-running dispute with the CFSA over the custody of his son. He says that from April 2023 to September 2024, the CFSA and its employees—Tessie Sarmiento and Jemeka Brown—repeatedly failed to follow the proper procedures in their handling of his case. ECF No. 9 at 14–18. He also alleges that the CFSA improperly brought a child-neglect complaint against him in 2024 based on the testimony of his son's mother. *Id.* at 12–14. According to Sudah, his son's mother has mental health problems that make her "unworthy of belief" under D.C. law. *Id.* at 13. Sudah also alleges that Sarmiento acted improperly in including in the complaint an allegation that Sudah "may have a personality disorder." *Id.* Sudah alleges that these and other errors deprived him of due process. *Id.* at 13–14.

**B.   Procedural History**

In June 2024, Sudah sued the District and several of its officers, employees, and agencies in Superior Court. ECF No. 1 at 6. Defendants then removed the case to this Court. *Id.* at 6–7. Following removal, the Court allowed Sudah to amend his complaint. Min. Order of Sept. 11, 2024. In his amended complaint, Sudah names twelve defendants and brings several claims relating to the events described above.[2] *See generally* ECF No. 9. Specifically, along with the District,

---

[2] In his amended complaint, Sudah lists both himself and his son as plaintiffs. ECF No. 9 at 1. The Court construes Sudah as seeking to bring the same claims on behalf of his son. *See* Fed R. Civ. P. 17(c)(1). But even assuming Sudah may properly sue on his son's behalf under Rule 17, he still may not do so without an attorney. In general, a pro se litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) ("[An individual] not a member of the bar of any court . . . may appear pro se but is not qualified to appear in [federal] court as counsel for others."). This principle extends to barring Sudah from proceeding pro se on his son's behalf. *Berrios v. NYC Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) ("The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle

3

Sudah names Mayor Muriel Bowser, Attorney Fatakia, Officer John Salamone, Sergeant Fernando, Sarmiento, Brown, and Olief "Ginger" Ellis, another CFSA employee ("Individual Defendants"), as well as MPD, the OAG, the Superior Court, and the CFSA ("Agency Defendants"). *Id.* at 32.

Sudah alleges that (1) the Superior Court defamed him and violated Superior Court Criminal Rule 5 and his Fifth Amendment due-process rights during the two hearings on May 31 and June 17, 2024, ECF No. 9 at 7–8; (2) the OAG and Attorney Fatakia defamed him, violated his due-process rights, and violated provisions of the D.C. Bar Rules of Professional Conduct and Maryland Code of Criminal Procedure during the hearing on March 1, 2025, *id.* at 8–9; (3) MPD, Officer Salamone, and Sergeant Fernando were negligent, falsely arrested him, and violated several internal MPD policies, provisions of the U.S. and D.C. Codes, and his constitutional rights during his two arrests, *id.* at 9–12; and (4) the CFSA, Sarmiento, Brown, and Ellis defamed him and violated several provisions of the U.S. and D.C. Codes, CFSA internal guidance, Superior Court Rules, his Fifth Amendment due-process rights, and a consent decree, in their encounters with him, *id.* at 12–18. He asks that the Court grant him $200,000 in damages, vacate the judgment in the case prosecuted by Attorney Fatakia, order the Superior Court to "erase any evidence of a conviction pursuant to [his Maryland] Case" and the case prosecuted by Attorney Fatakia, and enjoin the CFSA and the District from prosecuting its child-neglect suit against him. *Id.* at 20.

Defendants move to dismiss the amended complaint. ECF No. 11. They argue that the

---

. . . that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation."). Thus, the Court will, on its own motion, drop Sudah's son from the case. *See* Fed. R. Civ. P. 21.

4

Individual and Agency Defendants have not been properly served, that the amended complaint fails to state a claim, and that—at least for the claims relating to the CFSA and its employees—his claims are unripe. *Id.* at 3–4.

## II. Legal Standards

"Article III of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.'" *Ramirez v. ICE*, 338 F. Supp. 3d 1, 32 (D.D.C. 2018) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). One facet of this rule is the ripeness doctrine. *Nat'l Treasury Emps. Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996). "[R]ipeness is peculiarly a question of timing," and "[i]ts basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (first alteration in original) (quotations omitted). Claims are unripe, and federal courts thus lack jurisdiction, when a plaintiff's claims "involve[] contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (internal quotation marks and quotation omitted).

Federal Rule of Civil Procedure 12(b)(5) governs a motion to dismiss for insufficient service of process. "Upon such a motion, the plaintiff carries the burden of establishing that he has properly effected service." *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). "To do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 [(which governs summonses)] and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987). "[U]nless the procedural requirements for effective service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Candido v. District of Columbia*, 242 F.R.D. 151, 160 (D.D.C. 2007). Failure to effect proper service is thus a "fatal" jurisdictional defect and is grounds for dismissal. *See Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Solutions, Inc.*, 550 F. Supp. 2d 23, 26 (D.D.C.

5

2008).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff states a facially plausible claim when he pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's favor." *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014). But "mere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## III.   Analysis

The Court will dismiss the amended complaint because it fails to state a claim against the District and Sudah has not shown that he properly served the Individual and Agency Defendants. The Court also declines to give Sudah another chance to serve the Individual and Agency Defendants because he has failed to show good cause for not timely doing so. And in any event, because the amended complaint does not state a claim against the Individual and Agency Defendants and because Sudah has not requested another opportunity to amend, granting him more time to serve would be futile.

### A.   The Amended Complaint Fails to State a Claim Against the District

The Court will dismiss Sudah's claims against the District because he has failed to state a claim against it.[3] To begin, Sudah has not plausibly alleged that the District is liable for any

---

[3] The Court liberally construes Sudah's amended complaint as naming the District as a proper defendant for all his claims.

violations of his constitutional or other federal rights.[4]  He brings these claims under 42 U.S.C. § 1983, which provides a cause of action when a person, "under color of" law, "deprives" "any citizen of the United States or other person within the jurisdiction thereof . . . of any rights, privileges, or immunities secured by the [federal] Constitution and laws." *See* ECF No. 9 at 4.[5]

For purposes of § 1983, a municipality like the District is a person. *Frederick Douglass Found., Inc. v. District of Columbia*, 82 F.4th 1122, 1136 (D.C. Cir. 2023).  But when suing the District, a plaintiff "must plausibly allege [1] that the District violated the Constitution and [2] that the violation was the result of an official custom or policy." *Id.*  And to show an official custom or policy, he must "identify (1) an official policy explicitly adopted by D.C., (2) actions by a D.C. policymaker with final decision-making authority, (3) repeated behavior by D.C. municipal employees that have reached the level of a custom, or (4) a failure to act by D.C. that shows deliberate indifference to the potential for such violations." *Givens v. Bowser*, 111 F.4th 117, 122 (D.C. Cir. 2024).  Moreover, he must "plead facts that plausibly support one of those four types of municipal policies" and "the elements of the relevant type of municipal policy." *Id.* (quotation omitted).  Because it "is not [the Court's] role" to "try to surmise which theory of municipal liability has the strongest support in the complaint," a plaintiff must make his asserted theory plain. *Id.* (quotation

---

[4] As a threshold matter, the District argues that Sudah's claims relating to the CFSA and its employees are unripe.  ECF No. 11 at 25–26.  The Court disagrees.  Sudah's claims are not based on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quoting *Thomas*, 473 U.S. at 580–581). Instead, his claims all stem from completed actions that the CFSA and its employees allegedly have already taken.  So these claims are ripe because they are not "riddled with contingencies and speculation that impede judicial review." *Id.*

[5] Sudah lists several other federal statutes in his amended complaint, including 18 U.S.C. § 242, 28 U.S.C. § 4101, 10 U.S.C. § 3897, 34 U.S.C. § 20342, and the Civil Rights Act of 1964. ECF No. 9 at 4–5, 7, 9, 12.  But those statutes either provide no cause of action or a cause of action inapplicable here.  So the Court limits its analysis of Sudah's federal claims to § 1983.

7

omitted). Thus, failure to "indicate[] the contours of any type of municipal policy" dooms a claim. *Id.* (quotation omitted).

Sudah's § 1983 claims against the District fail because he has not plausibly pleaded the existence of any relevant official policy or custom. In his opposition, Sudah gives the conclusory assertion that all four theories of municipal liability "have . . . been established in [his] amended complaint." ECF No. 13 at 2. But his amended complaint contains no allegations that come close to meeting this standard. *See generally* ECF No. 9. Without a theory of municipal liability, his federal claims against the District fail. *Givens*, 111 F.4th at 122.

The Court will also dismiss Sudah's non-federal claims against the District because he has conceded them. "[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002). In their motion to dismiss, Defendants advance several arguments for why Sudah's non-federal claims fail to state a claim. ECF No. 11 at 17–19, 21–25, 27–28. For example, they argue that Sudah's claims premised on the Rules of Professional Conduct fail because those Rules "do not give rise to a private cause of action for their violation." ECF No. 11 at 17 (quoting *Papageorge v. Zucker*, 169 A.3d 861, 864 (D.C. 2017)). They say the same about his claims premised on the cited D.C. Code provisions, Superior Court rules, and MPD and CFSA internal policies and guidance.[6] *Id.* at 21–23, 27. As for his tort claims, Defendants argue that Sudah has not pleaded facts that would support the elements for the claimed torts, that the District is

---

[6] Defendants only expressly mention Superior Court Neglect Rule 1, but the logic of their argument extends to Sudah's claims related to other provisions of the Superior Court Rules. Similarly, the logic of their argument about the provisions of the D.C. Code extends to Sudah's citation to § 6-220 of the Maryland Code of Criminal Procedure, which does not appear to create a cause of action against the District of Columbia or its agents.

8

absolutely immune from liability for some of them, and that his negligence claim is preempted by his intentional-tort claims.  *Id.* at 17–18, 23–25.  Finally, Defendants argue that Sudah's claims related to a consent decree stemming from a different case are meritless because he has not shown that he falls within the scope of that decree.  *Id.* at 27.  In his three-page opposition, Sudah does not respond to any of these arguments.  *See generally* ECF No. 13.  So the Court will "treat those arguments as conceded" and dismiss Sudah's non-federal claims on that basis.  *Stephenson*, 223 F. Supp. 2d at 121.

Even beyond Sudah's failure to address the substance of these arguments, he appears to affirmatively concede them by consenting to the "disposal" of his non-federal claims.  ECF No. 13 at 2.  The arguments discussed above appear in subparts C, D, and E of part II of Defendants' argument section.  ECF No. 11 at 12, 19, 25.  And in his opposition, Sudah says, "In Response to Argument II C, D, E," "[a]s the court sees fit, disposal of particular claims are conceded.  However, [Sudah] assert[s] that all of his claims satisfy deprivation of Due Process, Constitutional Rights, and rebut 'Good faith' of any actions taken by defendants."  ECF No. 13 at 2.  Because Sudah's non-federal claims are, by definition, not premised on due process or other constitutional rights, that proviso to his affirmative concession does not save his non-federal claims.  Finally, Sudah's mention of "Good faith" appears to reference portions of Defendants' motion in which they argue that, for some of Sudah's tort claims, they are immune from suit because of their purported good faith.  ECF No. 11 at 23, 24, 27.  But for the reasons described above, Sudah has conceded other arguments aimed at these tort claims that are similarly dispositive, such as the lack of a cause of action and his failure to plead facts supporting the elements of the causes of action he purports to bring.  So his refusal to concede "Good faith" does not save those claims, either.

For these reasons, the Court will dismiss all the claims in the amended complaint against

the District.

### B. Sudah Has Failed to Show That the Individual and Agency Defendants Were Served, and Dismissal of His Claims Against Them Is Appropriate

The Court will next grant Defendants' motion as to the Individual and Agency Defendants because Sudah has not shown that they have been properly served. "When a defendant challenges service of process in a federal court proceeding, the plaintiff 'must demonstrate that the procedure [he] employed satisfied the'" relevant service requirements. *Candido*, 242 F.R.D. at 159 (alteration in original) (quoting *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004)). In cases removed from Superior Court, service is proper so long as it conforms with either District law or the Federal Rules of Civil Procedure. *Magowan v. Lowery*, 166 F. Supp. 3d 39, 65–66 (D.D.C. 2016). Defendants argue that the "individual and agency Defendants have not been served at all" under either set of rules. ECF No. 11 at 8. Thus, Sudah must show that he properly served them. *Candido*, 242 F.R.D. at 159.

Sudah does not come close to doing so. In his opposition, he points to a document he purportedly attached that would allow the Court to "rul[e] on proper service." ECF No. 13 at 1. But as far as the Court can tell, no such attachment exists. *See generally id.* In the entire three-page document, nothing outside of that vague reference to a missing document—and an unsupported allegation that MPD and the OAG "afford petitioners alternative avenues of service," *id.*—addresses whether Sudah has satisfied his service requirements. So Sudah has not met his burden, and the Court lacks personal jurisdiction over the Individual and Agency Defendants. *Tom Sawyer Prods., Inc.*, 550 F. Supp. 2d at 26.

Perhaps anticipating this result, Sudah also asks that "[i]f the court maintains that service is insufficient or 'unperfected,'" he be permitted "to perfect service." ECF No. 13 at 1. If a plaintiff fails to effect service, "the court—on motion or on its own after notice to the plaintiff—must

10

dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) provides that district courts have discretion when determining whether to dismiss for failure to timely effect service. *See Mann v. Castiel,* 681 F.3d 368, 375–76 (D.C. Cir. 2012). But if "the plaintiff shows good cause for the failure," a court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The Court will deny Sudah's request for additional time to serve the Individual and Agency Defendants and will dismiss the claims against them. Sudah has not shown good cause for his failure—in fact, he has offered no explanation at all. ECF No. 13 at 1. Moreover, as explained below, allowing him to serve the amended complaint would be futile because it does not state a claim against either the Individual or Agency Defendants. *Gregory v. United States/U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (affirming dismissal for failure to serve because "proper service of process would be futile" based on the merits of the claims). And Sudah has not requested a chance to amend it, as he has done before.[7] Thus, dismissal would hardly "subvert justice" or be "unfairly prejudic[ial]" to Sudah. *Candido*, 242 F.R.D. at 164.

### 1. The Amended Complaint Does Not State Claims Against the Individual Defendants

The Court starts with the Individual Defendants.[8] For two of them—Mayor Bowser and Ellis—Sudah's amended complaint contains no allegations about their actions or roles with respect to any of his claims. Simply put, because Sudah "fails to implicate [them] in any of the complaint's

---

[7] Sudah apparently amended his complaint before the case was removed to this Court, in addition to doing so afterward. *See* ECF No. 1 at 6.

[8] Sudah does not always specify whether he brings his claims against these defendants in their individual or official capacities. The Court will accordingly construe Sudah's amended complaint as advancing both types of claims. But since an official-capacity claim is "equivalent to a suit against the municipality itself," those claims fail for the reasons discussed above with respect to the District. *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996).

11

allegations," he fails to state a claim against them. *Hilska*, 217 F.R.D. at 24.[9]

As for Sudah's non-federal claims against Attorney Fatakia, they fail for the same reasons his non-federal claims against the District do: Sudah conceded them. And the amended complaint's federal claims fail because Attorney Fatakia is immune from liability for them, *Kalina v. Fletcher*, 522 U.S. 118, 123–26 (1997), an argument which he also conceded. Despite Defendants' assertion of that immunity, ECF No. 11 at 16, Sudah does not address it in his opposition, ECF No. 13 at 3 (responding to other of Defendants' immunity arguments). Thus, the Court treats this argument as conceded. *Stephenson*, 223 F. Supp. 2d at 121.

Still, aside from that concession, it is easy to see why Attorney Fatakia is immune. Under § 1983, "acts undertaken by a prosecutor . . . which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Indeed, "prosecutors" are "absolutely immune from damages liability . . . for making false or defamatory statements in judicial proceedings (at least so long as the statements were related to the proceeding)." *Burns v. Reed*, 500 U.S. 478, 489–92 (1991). So when a plaintiff sues a prosecutor over actions that fall within that realm of absolute immunity, courts properly grant the prosecutor's motion to dismiss on immunity grounds. *E.g.*, *Bundy v. Sessions*, 387 F. Supp. 3d 121, 128 (D.D.C. 2019), *aff'd*, 812 F. App'x 1 (D.C. Cir. 2020). Sudah alleges that Attorney Fatakia was acting in his role as a prosecutor when he allegedly violated Sudah's federal rights. ECF No. 9 at 8–9. So he is immune from any § 1983 claims relating to that proceeding. *Burns*, 500 U.S. at 489–92.

---

[9] Though not included in his list of defendants, Sudah includes MPD Chief Pamela Smith and Commander Colin Hall as intended service recipients. ECF No. 9 at 1. To the extent that Sudah intended to include them, claims against them fail for the same reasons as those against Mayor Bowser and Ellis.

The amended complaint similarly does not state a claim against the remaining Individual Defendants. Again, Sudah has conceded his non-federal claims. And without any District-law claims, the amended complaint alleges only that the remaining Individual Defendants violated Sudah's federal rights. *See* ECF No. 13 at 2. But when a plaintiff brings a § 1983 claim alleging that officials have violated his federal rights, he must show both that a violation occurred and that "the particular right in question—narrowly described to fit the factual pattern confronting the officers—was clearly established." *Dukore v. District of Columbia*, 799 F.3d 1137, 1144–45 (D.C. Cir. 2015) (citation omitted). To do so, he must identify "existing precedent [that] 'squarely governs' the specific facts at issue." *Hedgpeth v. Rahim*, 893 F.3d 802, 809 (D.C. Cir. 2018) (quoting *Kisela v. Hughes*, 584 U.S. 100, 104 (2018)). And if he fails to show that his asserted right was clearly established after a defendant officer asserts qualified immunity, courts properly grant the officer's motion to dismiss. *E.g.*, *Turpin v. Ray*, 319 F. Supp. 3d 191, 198–99 (D.D.C. 2018); *Jones v. Kirchner*, 835 F.3d 74, 86 (D.C. Cir. 2016) (affirming dismissal of a complaint on qualified-immunity grounds when the plaintiff had not shown that the right at issue was clearly established at the time of the purported violation).

Sudah has not made that showing here. He merely cites some general principles of qualified immunity reflected in case law. ECF No. 13 at 3. But he does not discuss the facts of those cases or explain how any shows "existing precedent [that] 'squarely governs' the specific facts at issue." *Hedgpeth*, 893 F.3d 809 (quoting *Kisela*, 584 U.S. 104).

For these reasons, Sudah's amended complaint does not state a claim against the Individual Defendants.

### 2. The Agency Defendants Are Not Amenable to Suit

"[I]n the absence of explicit statutory authorization, bodies within the District of Columbia government are not suable as separate entities." *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338,

344 (D.D.C. 2011) (quoting *Daskalea v. Wash. Humane Soc'y*, 480 F. Supp. 2d 16, 22 (D.D.C. 2007)).  Sudah has identified no statute authorizing him to sue any of the Agency Defendants.  Indeed, he now argues that he never intended to sue them separately and only included them for "process of service [sic] purposes."  ECF No. 13 at 1.  He claims that the Agency Defendants are "joined parties" being sued "under one defendant: The District of Columbia."  *Id.* (emphasis omitted).  Whatever Sudah means by that, these entities are not separately amenable to suit.[10]  So the amended complaint does not state a claim against them either.

## IV.  Conclusion

For all the above reasons, the Court will grant Defendants' Motion to Dismiss.  A separate order will issue.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: July 25, 2025

---

[10] Though he does not name it as a defendant, Sudah also seems to suggest at one point in the amended complaint that he seeks to bring claims against Ward 6. ECF No. 9 at 6. For the reasons explained above, Ward 6—to the extent it is an entity part of the District of Columbia government—is not amenable to suit either.